UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| COLIN L. MCDONALD )<br>    PLAINTIFF )<br>)<br>v. )<br>)<br>)<br>WEBASTO ROOF SYSTEMS, INC., )<br> a/k/a "WEBASTO" )<br>    DEFENDANT )<br>) | Civil Action No._____ |

COMPLAINT

Plaintiff Colin L. McDonald files the following Complaint:

1. The Plaintiff, Colin L. McDonald, lives at 107 Thomas Lane, Georgetown, Scott County, Kentucky, and at all times mentioned during the Complaint was a resident of the Commonwealth of Kentucky.

2. The Defendant, Webasto Roof Systems, Inc., also doing business as Webasto, is a foreign corporation doing business in Lexington, Fayette County, Kentucky. The Defendant may be served through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

3. The case is filed in part under the Americans with Disabilities Act as amended, 42 USC § 1, 42 USCA § 12111 et seq. ("ADAA").

4. The Court has jurisdiction of this action pursuant to the provisions of 28 USCA §1331, in that the case involves a federal question under the ADAA, 42 USCA § 1201 et seq.

5. Venue is proper in this court pursuant to 28 USCA § 1391, because all acts relating to the Complaint occurred in the Eastern District of Kentucky.

6. The Plaintiff is a qualified individual within the meaning of the ADAA in that the Plaintiff was regarded by the Defendant as suffering from a disability relating to his back.

7. The Defendant is an "employer" and a "covered entity" under the ADAA.

8. The Plaintiff has met the prerequisites for filing suit under the ADAA. On or about April 11, 2011, the Plaintiff filed a charge of discrimination with the EEOC. The Complaint was filed within 180 days of the unlawful conduct of the Defendant. On November 25, 2011, the EEOC issued a notice of right to sue to the Defendant. See attached Exhibit No. 1. This action has been filed within the 90 days permitted by the notice of right to sue letter.

9. The Plaintiff, after learning of a job opportunity with the Defendant, submitted an application to the Defendant on March 4, 2011 for a job position as an industrial maintenance technician in the Lexington, Kentucky plant of the Defendant. At the time he submitted his application, the Plaintiff was employed by Washington Penn in a similar job that involved at least equal if not greater physical requirements.

10. On March 7, 2011, the Plaintiff interviewed with employees of the Defendant. On that same date, an employee of the human resources department of the Defendant called and offered the Plaintiff the job. The offer was made to the Plaintiff without conditions. The Plaintiff advised the representative of the Defendant that he needed to first speak with his wife.

11. On March 8, 2011, the Plaintiff called the Defendant's human resources department and accepted the job, without conditions. The Defendant asked if the Plaintiff could begin work immediately. The Plaintiff advised the Defendant that he was required to provide two weeks' notice to his current employer. The Plaintiff, in reliance upon the conduct of the Defendant, tendered his resignation to Washington Penn, his previous employer, on March 9, 2011. The Plaintiff's last work week at Washington Penn was March 17, 2011. Washington Penn has adopted a strict no-rehire policy.

12. Following his resignation from Washington Penn, the Defendant asked the Plaintiff to report to Red Point Physicians in Lexington, Kentucky, to undergo a medical examination and drug test. The tests were conducted on March 16, 2011. The Plaintiff has advised that he passed both the medical examination and the drug test.

13. Following the tests at Red Point Physicians, the Plaintiff was interviewed concerning any preexisting conditions. The Plaintiff truthfully disclosed that he had been previously diagnosed with herniated discs but had never missed any work as a result of the discs. Red Point Physicians requested and the Plaintiff provided a written statement from his physician indicating that there were no restrictions in connection with his employment. The Plaintiff further advised that he had never filed any Workers' Compensation claims relating to any disc or back injuries and that the Plaintiff had worked as an industrial maintenance technician for over 15 years.

14. The Defendant then sent the Plaintiff to Berea for a functional capacity test at the Kentucky Back & Neck Center. Employees of the Center advised the

Plaintiff that he had passed all of the functional capacity tests. A nurse practitioner at the clinic then took a 10-year medical history from the Plaintiff.

15.   On or about March 29, 2011, the Defendant advised the Plaintiff that he would not be employed by the Defendant. The Defendant advised the Plaintiff that he could not be hired because of his back.

16.   The Plaintiff satisfies the requisite skill, experience, educational, and other job-related requirements for the position offered to him by the Defendant, and with or without reasonable accommodation can perform the essential functions of the position. The Plaintiff was an individual regarded as suffering from a disability, and thus a qualified individual under the ADAA.

17.   The Defendant's intentional discriminatory conduct with respect to the Plaintiff violates the ADAA.

18.   The Defendant's intentional actions further constitute a breach of contract between the parties.

19.   As a direct and proximate result of the illegal, malicious, and wrongful conduct of the Defendant, the Plaintiff has suffered past, present, and future loss of wages and benefits, inconvenience, mental anguish, and severe emotional distress.

20.   The Plaintiff demands a trial by jury of all issues triable to a jury.

WHEREFORE, the Plaintiff requests a judgment be entered against the Defendant, in his favor, as follows:

1.   For compensatory damages in an amount to be determined at trial;

2.   For reinstatement in the position offered by the Defendant and accepted by the Plaintiff;

3.   For back pay in an amount to be determined at trial;

4.   For damages for past, present and future lost income and benefits in an amount to be determined at trial;

5.   For an award of punitive damages;

6.   For recovery of all court costs and the award of a reasonable attorney's fee;

7.   For a trial by jury on all issues so triable; and

8.   For any and all other relief to which the Plaintiff may appear to be entitled.

                        LOGAN, GAINES, BURCH & FOX


                    BY:   */s/Brian A. Logan*
                           Brian A. Logan
                           Stewart C. Burch
                           114 West Clinton Street
                           Frankfort, KY 40601
                           (502) 875-3884
                           blogan@lgpllc.com
                           sburch@lgpllc.com
                           ATTORNEYS FOR PLAINTIFF

ref:lyk(SCB-Pleadings)McDonald-Webasto.Complaint